**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**KING MICHAEL OLIVER,**

              **Petitioner,**

    **vs.**                          **Case No. 15-cv-00059-DRH**

**WILLIAM SCHWARTZ,**
**SGT. BLUDWORTH AND COMPANY**
**OF THE JACKSON COUNTY JAIL,**

              **Respondents.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

       Petitioner King Michael Oliver is currently a pretrial detainee in the Jackson County Jail.   He has filed in this federal district court a pleading captioned, "Petition under 28 U.S.C. § 241 Conspiracy against Rights and 28 U.S.C. § 242 Deprivation of Rights under Color of Law" (Doc. 1).   Oliver seeks an order compelling Illinois First Circuit Judge William G. Schwartz to dismiss all charges against him in *People v. Oliver*, Case No. P-14-0122 (1st Cir., Pulaski County, Ill.), and release him from jail (Doc. 1, p. 4).

       Although Oliver's pleading is clearly aimed at securing the dismissal of his ongoing criminal case and his release from custody, he also details the conditions of his confinement at the Jackson County Jail, and his receipt of an unfounded disciplinary conviction without procedural due process (*see* Doc. 1, pp. 3-4). Although Oliver seeks no specific relief relative to the conditions of his

confinement or his disciplinary conviction, along with Judge Schwartz, "Sgt. Bludworth and Company of [the] Jackson County Jail" are named as parties to this action.[1]   Documentation regarding both the criminal case *and* disciplinary conviction is attached to the pleading (Doc. 1, pp. 5-9).

Although 28 U.S.C. §§ 241 and 241 are nonexistent statutes, the nature of suit is clear.  Oliver *only* takes issue with the indictment under which he is being held.  A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994).  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for challenging the conditions of confinement—which would also include a disciplinary challenge of the sort described in the pleading.  *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973) (framing the civil rights versus habeas corpus dichotomy).  Consequently, Oliver's pleading is construed as a Section 2241 petition for writ of habeas corpus.

Under the *Younger* doctrine, this Court must abstain from deciding federal constitutional claims regarding an ongoing state criminal proceeding, such as Oliver's criminal case.  *Younger v. Harris*, 401 U.S. 37 (1971).  *See also Gakuba v. O'Brien*, 711 F.3d 751 (7th Cir. 2013).

In accordance with *Younger v. Harris*, federal courts must abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal

---

[1] Sgt. Bludworth is not mentioned in the narrative of Oliver's pleading.

claims and no "exceptional circumstances" exist. *Stroman Realty, Inc., v. Martinez,* 505 F.3d 658, 662 (7th Cir. 2007); s*ee also Younger,* 401 U.S. at 43, 49. Exceptional circumstances have been found where irreparable damage would occur, such as prosecutorial harassment and bad faith, or speedy trial and double jeopardy claims—and then only after the petitioner has exhausted available state court remedies. *Younger,* 401 U.S. at 43, 49; *Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 489-92 (1973) (collecting cases).

According to the petition, on December 17, 2014, Oliver filed a motion to dismiss the criminal case, which was denied by Judge Schwartz (*see* Doc. 1, p. 2). On January 2, 2013, on motion of defense counsel, Judge Schwartz ordered that Oliver undergo a psychiatric examination (*see* Doc. 1, p. 3).   There is no indication that Oliver exhausted his state remedies before filing this action on January 20, 2015, and no exceptional circumstances have been shown where irreparable damage would occur.   For example, if Oliver were convicted, his conviction could be overturned on direct appeal or via a collateral attack in either state or federal court, and he could sue for monetary damages relative to the conditions of his confinement.

The *Younger* doctrine deprives this Court of jurisdiction; therefore, the Court does not reach the merits of Oliver's petition.   Dismissal of this pretrial petition will be without prejudice to any other subsequent habeas petition Oliver may file. *See Jacobs v. McCaughtry*, 251 F.3d 596, 597-98 (7th Cir. 2001) (pretrial habeas petition falls within ambit of Section 2241 and, consequently,

should not be counted under 28 U.S.C. § 2244 when considering subsequent, possibly successive, habeas petitions).

**IT IS HEREBY ORDERED** that, for the reasons stated, the petition is **DISMISSED without prejudice** to any other habeas corpus petition or civil rights action Oliver may file.  Judgment shall enter accordingly.

The Clerk of Court is **DIRECTED** to have the record reflect the proper caption of this action, as it appears on this order.

**IT IS SO ORDERED.**

**Signed this 10th day of February, 2015.**

Digitally signed by
David R. Herndon
Date: 2015.02.10
14:01:21 -06'00'

**United States District Judge**